FILED
Rebecca Padilla
CLERK, SUPERIOR COURT
11/30/2020 10:41AM
BY: AUKENDALL
DEPUTY

Rory B. Riley, Esq. (ASB #032933)
Micah Brierley, Esq. (ASB # 035514)
**DOUG ZANES & ASSOCIATES, PLLC**
4580 E. Grant Road
Tucson, Arizona 85712
Tel: (520) 777-7777
briley@zaneslaw.com
mbrierley@zaneslaw.com
litigation@zaneslaw.com

*Attorneys for Plaintiffs*

Case No.: S1100CV202001806
HON.  THE HON STEVEN J FULLER

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| SEBASTIAN LOYA-GAMEZ, individually<br><br>                     Plaintiff,<br><br>   VS.<br><br>JAE PARK and JANE DOE PARK, husband and wife; CNC EXPRESS, INC., d/b/a CNC Express, Inc., a California Corporation; ABC PARTNERSHIPS I-X; XYZ CORPORATIONS I-X; JOHN DOES I-X AND JANE DOES I-X; ABC PARTNERSHIPS I-X; XYZ CORPORATIONS I-X;<br><br>                     Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(TORT-MOTOR VEHICLE)**<br><br>(*Tier 2  Case*) |

**NOW COMES** the Plaintiff, **SEBASTIAN LOYA-GAMEZ** (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, complaining of the Defendants, and in support thereof, states as follows:

### I. JURISDICTION, VENUE & PARTIES

1. Plaintiff was and is a resident of Pima County, Arizona, and the cause of action on which this Complaint is based occurred in Pinal County, Arizona.

2. Upon information and belief, Defendants **JAE PARK** and **JANE DOE PARK** are residents of the State of California and reside in Los Angeles County, California.

3. Upon information and belief, at the time of said collision, Defendants **JAE PARK** and **JANE DOE PARK** (hereinafter referred to as "Defendant Park") were acting for and on behalf of their marital community.

4. Upon information and belief, Defendant **CNC EXPRESS, INC.** (hereinafter referred to as "Defendant CNC Express") is a California corporation doing business in San Bernandino County, California, and whose principal place of business location is 10608 Banana Avenue Fontana, California 92337 and transports goods via truck throughout California and Arizona.

5. Upon information and belief, Defendants ABC PARTNERSHIPS I-X, XYZ CORPORATIONS I-X, JOHN DOES I-X AND JANE DOES I-X are fictitious entities which may have an interest herein. At such time as the identity of any such Defendant becomes known to Plaintiffs, Plaintiffs will amend the Complaint to reflect such identity. Additionally, any non-party designated by a Defendant is to be considered a fictitiously named Defendant herein.

6. Venue is proper in Pinal County because the facts giving rise to the cause of action occurred in Pinal County, Arizona, and the Defendants have minimum contacts with the State of Arizona by regularly conducting their business of transporting goods throughout the state.

7.     Plaintiffs seek damages in excess of the minimum jurisdictional limits of this Court.

## II. GENERAL ALLEGATIONS

8.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 7 of this Complaint as fully set forth herein.

9.     On November 9, 2019, Plaintiff was a restrained passenger traveling westbound in Traffic Lane #1 on Interstate 10 approaching MP-199 in Pinal County, Arizona. At the same date and time, Defendant Park, while acting within his scope of employment for Defendant CNC Express, was traveling westbound in Traffic Lane #3 while approaching MP-199, in Pinal County, Arizona.

10.    As Plaintiff's vehicle proceeded westbound on Interstate 10 in Traffic Lane #1, Defendant Park while acting within the scope of his employment with Defendant CNC Express failed to maintain a proper lookout and unsafely merged into the Plaintiff's lane, violently pinning the Plaintiff's vehicle against the cement barrier located West of Traffic Lane #1.

11.    As a proximate result of Defendants' negligence, carelessness and recklessness acts, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses and miscellaneous expenses in amounts to be proven at trial.

12. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable attorneys' fees and costs.

### III. COUNT ONE
### (Negligence – Defendant Park)

13. Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 12 of this Complaint as fully set forth herein.

14. Defendant Park owed a duty to the Plaintiff to operate his motor vehicle in a proper manner.

15. Defendant Park breached his duty of care by driving negligently and failing to keep a proper lookout for Plaintiff, colliding into the Plaintiff when he unsafely merged into the Plaintiff's lane.

16. As a proximate result of Defendants' negligence, carelessness, and recklessness acts, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses and miscellaneous expenses in amounts to be proven at trial.

17. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable attorneys' fees and costs.

### IV. COUNT TWO
### (Negligence Per Se – Defendant Park)

18. Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 17 of this Complaint as fully set forth herein.

19. The Defendants' negligence includes, but is not limited to, the following facts or omissions:

(a) Defendant drove his vehicle in an unsafe and unreasonable manner;

(b) Defendant failed make a lane change in a reasonably safe manner;

(c) Defendant failed to exercise ordinary care to prevent injury to Plaintiff;

(d) Defendant failed to exercise due care to avoid colliding into other vehicles;

(e) Defendant failed to keep a proper lookout for other vehicles;

(f) Defendant failed to make timely and proper application of his brakes;

(g) Defendant drove his vehicle in reckless disregard for the safety of the persons and/or property of others;

(h) A.R.S. §28-729 is a statute intended for the safety of motorists and pedestrians on the roadway. Defendant breached their statutory duty by failing to ascertain whether they could merge into another lane safely before merging into another lane, in violation of A.R.S. §28-729 which is *negligence per se*.

20. As a proximate result of Defendants' negligence, carelessness, and recklessness, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses and miscellaneous expenses in amounts to be proven at trial.

21. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable attorneys' fees and costs.

### V. COUNT THREE
**(Respondeat Superior – Defendant CNC Express)**

22. Plaintiff re-alleges and incorporates by reference the allegations of Paragraph 1 through 21 of this Complaint as fully set forth herein.

23. An employer is responsible for harm caused by the wrongful conduct of its employees while acting within the scope their employment. Plaintiff was harmed by Defendant CNC Express's employee's acts.

24. Employee Defendant Park was acting within the scope of his employment and/or contract serving as a truck driver for Defendant CNC Express at the time of collision. Defendant Park was performing the kind of tasks that are reasonably related to the kinds of tasks that Defendant Park was employed to perform at the time of collision. While acting within his scope of employment, Defendant Park acted negligently by merging his vehicle into another lane without ascertaining whether it was safe to do so.

25. As a Proximate result of Defendant CNC Express's employee's negligence, carelessness, and recklessness, Plaintiff has suffered and will continue to suffer severe personal injuries, emotional distress, loss of enjoyment of life, pain and suffering and will incur additional medical expenses in the future as well as having incurred other special damages, losses and miscellaneous expenses in amounts to be proven at trial.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment for the Plaintiff and against the Defendants in an amount in excess of the minimum jurisdictional limits of this Court for the damages caused by the Defendants. Plaintiffs also pray that he be awarded his costs, pre- and post-judgment interest at the maximum rate allowed by law, expenses and fees associated with prosecuting this matter, and for any additional damages the Court deems just and proper.

**DATED** this **30th** day of November 2020.

### DOUG ZANES & ASSOCIATES, PLLC

By: ___/s/ Rory B.. Riley, Esq.___
       **Rory B. Riley, Esq.**
       *Attorney for Plaintiff*

**ORIGINAL** of the foregoing *E-Filed*
this **30th** day of November 2020, *Via/With:*

**TURBOCOURT**
**CIVIL CLERK'S OFFICE**
**PIMA COUNTY SUPERIOR COURT**

By: _/s/ Micah Brierley_____